**Attorney Debt Reset, Inc.**
1   Justin K. Kuney, SBN 249283
    1300 Ethan Way, Ste. 125
2   Sacramento, CA 95825
    Telephone: 916-446-1791
3   Facsimile: 916-446-1742

4   Attorney(s) for Debtors/Plaintiffs

5

6              UNITED STATES DISTRICT COURT

7            CENTRAL DISTRICT OF CALIFORNIA

8

9   CHERI HAGL,                     **CV 11 - 04097** CBM

10                                             (DTBx)

11                                  **COMPLAINT**

12                 Plaintiff(s),
                                   **JURY TRIAL DEMANDED**
13  v.

14

15  LEGAL RECOVERY LAW OFFICES , INC.

16                 Defendant(s).

17

18              **JURISDICTION**

19  1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §

20       1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

21  2.   This action arises out of Defendant's repeated violations of the Fair Debt Collection

22       Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the California RFDCPA, California

23       Civil Code § 1788-1788.32 (hereinafter "RFDCPA"); and various common law tort claims.

24

25

# CIVIL COVER SHEET

**I(a) PLAINTIFFS**

CHERI HAGL

**DEFENDANTS**

LEGAL RECOVERY LAW OFFICES , INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  SBERNADIN
( EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

Attorney Debt Reset, Inc.;Justin K. Kuney, SBN 249283
1300 Ethan Way, Ste. 125;Sacramento, CA 95825
Telephone: 916-446-1791

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 2  U.S. Government
  Defendant
- ☒ 3  Federal Question
  (U.S. Government Not a Party)
- ☐ 4  Diversity
  (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ■ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multi-district Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**V.  REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23  DEMAND $ 75000

Check YES only if demanded in complaint: **JURY DEMAND:** ■ YES   ☐ NO

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 USC 1692, ET SEQ; VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (PENDANT STATE LAW CLAIMS)

**VII. NATURE OF SUIT**   *(PLACE AN x IN ONE BOX ONLY)*

| OTHER STATUTES | CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400  State Reapportionment | ☐ 110  Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610  Agriculture | ☐ 422  Appeal 28 USC 158 |
| ☐ 410  Antitrust | ☐ 120  Marine | ☐ 310  Airplane | ☐ 362  Personal Injury- | ☐ 620  Other Food & Drug | |
| ☐ 430  Banks and Banking | ☐ 130  Miller Act | ☐ 315  Airplane Product | Med Malpractice | ☐ 625  Drug Related | ☐ 423  Withdrawal |
| ☐ 450  Commerce/ICC Rates/etc. | ☐ 140  Negotiable Instrument | Liability | ☐ 365  Personal Injury- | Seizure of Property | 28 USC 157 |
| ☐ 460  Deportation | ☐ 150  Recovery of Overpayment & Enforcement of | ☐ 320  Assault, Libel & Slander | Product Liability | 21 USC 881 | |
| ☐ 470  Racketeer Influenced and Corrupt Organizations | Judgment | ☐ 330  Fed. Employers' | ☐ 368  Asbestos Personal Injury Product | ☐ 630  Liquor Laws | PROPERTY RIGHTS |
| ☐ 810  Selective Service | ☐ 151  Medicare Act | Liability | Liability | ☐ 640  R.R. & Truck | ☐ 820  Copyrights |
| ☐ 850  Securities/Commodities/ | ☐ 152  Recovery of Defaulted Student Loan | ☐ 340  Marine | PERSONAL PROPERTY | ☐ 650  Airline Regs | ☐ 830  Patent |
| Exchange | (Excl. Veterans) | ☐ 345  Marine Product Liability | ☐ 370  Other Fraud | ☐ 660  Occupational Safety /Health | ☐ 840  Trademark |
| ☐ 875  Customer Challenge 12 USC 3410 | ☐ 153  Recovery of Overpayment of Veteran's Benefits | ☐ 350  Motor Vehicle | ☐ 371  Truth in Lending | ☐ 690  Other | SOCIAL SECURITY |
| ☐ 891  Agricultural Act | ☐ 160  Stockholders' Suits | ☐ 355  Motor Vehicle Product Liability | ☐ 380  Other Personal Property Damage | LABOR | ☐ 861  HIA (1395ff) |
| ☐ 892  Economic Stabilization Act | ☐ 190  Other Contract | ☐ 360  Other Personal Injury | ☐ 385  Property Damage Product Liability | ☐ 710  Fair Labor Standards Act | ☐ 862  Black Lung (923) |
| ☐ 893  Environmental Matters | ☐ 195  Contract Product Liability | | | ☐ 720  Labor/Mgmt. Relations | ☐ 863  DIWC/DIWW (405(g)) |
| ☐ 894  Energy Allocation Act | REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730  Labor/Mgmt. Reporting & | ☐ 864  SSID Title XVI |
| ☐ 895  Freedom of Information Act | ☐ 210  Land Condemnation | ☐ 441  Voting | ☐ 510  Motions to Vacate Sentence Habeas | Disclosure Act | ☐ 865  RSI (405(g)) |
| ☐ 900  Appeal of Fee Determination Under Equal Access to Justice | ☐ 220  Foreclosure | ☐ 442  Employment | Corpus | ☐ 740  Railway Labor Act | FEDERAL TAX SUITS |
| | ☐ 230  Rent Lease & Ejectment | ☐ 443  Housing/ Accommodations | ☐ 530  General | | ☐ 870  Taxes (U.S. Plaintiff or |
| | ☐ 240  Torts to Land | ☐ 444  Welfare | ☐ 535  Death Penalty | ☐ 790  Other Labor Litigation | Defendant) |
| ☐ 950  Constitutionality of State Statutes | ☐ 245  Tort Product Liability | ☐ 440  Other Civil Rights | ☐ 540  Mandamus/ Other | ☐ 791  Empl. Ret. Inc. Security Act | ☐ 871  IRS-Third Party 26 USC 7609 |
| ■ 890  Other Statutory Actions | ☐ 290  All Other Real Property | | ☐ 550  Civil Rights | | |
| | | | ☐ 555  Prison Condition | | |

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ YES  ● NO

If yes, list case number(s): _____   CV 11 - 04097 Ca

**FOR OFFICE USE ONLY:**   ☐ Pro Hac Vice fee:   ☐ paid   ☐ not paid

Applying IFP _____  Judge _____  Mag. Judge _____

MAY 1 2 2011

### CIVIL COVER SHEET
(Reverse Side)

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☐YES ☒NO

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

(CHECK ALL BOXES THAT APPLY) ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;

☐ B. Involve the same or substantially the same parties or property;

☐ C. Involve the same patent, trademark or copyright;

☐ D. Call for determination of the same or substantially identical questions of law, or

☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

### CHERI HAGL, SAN BERNARDINO

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

### LEGAL RECOVERY LAW OFFICES, INC, SAN DIEGO

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
NOTE: In land condemnation cases, use the location of the tract of land involved.

### SAN BERNARDINO

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** X _____ Date $\underline{5-12-2011}$

NOTICE TO COUNSEL/PARTIES: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

CHERI HAGL,
_____ Plaintiff _____

)
)
)
v.                              )
)
LEGAL RECOVERY LAW OFFICES INC.,
_____ Defendant _____

**11 - 04097**

Civil Action No. **CBM  (DTBx)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Legal Recovery Law Offices, Inc.
5030 Camino de la Siesta, Ste 340
San Diego, CA  92108

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Attorney Debt Reset, Inc.
1300 Ethan Way #125
Sacramento CA 95825

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

CLERK OF COURT

MAY 12 2011

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.   Plaintiff CHERI HAGL (hereinafter "Plaintiff") is a natural person who resides in the City of CRESTLINE, County of SAN BERNANDINO, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5.   Plaintiff is informed and believes, and thereon alleges that Defendant LEGAL RECOVERY LAW OFFICES, INC. (hereinafter "Defendant"), is a corporation with a principal business address of 5030 Camino de la Siesta, Suite 340 San Diego, CA 92108, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.   Plaintiff is informed and believes, and thereon alleges, that Defendant(s) is/are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is/are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

7.   Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2 (b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2 (c).

8.    This case involves money property or their equivalent, due or owing or alleged to be due or
owing from a natural person by reason of a consumer transaction. As such, this action arises
out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ.
Code § 1788.2(f). These financial obligations were primarily for personal, family or
household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.
§1692a(5).

9.    Unless otherwise indicated, the use of any defendant's name in this Complaint includes all
agents, employees, officers, members, directors, heirs, successors, assigns, principals,
trustees, sureties, subrogees, representatives, and insurers of that defendant named. All
allegations are made on information and belief, except those allegations that pertain to the
named Plaintiff, or to their attorneys, which are alleged on personal knowledge.

## FACTUAL ALLEGATIONS

10.   On or about August of 2008 Plaintiff allegedly incurred a financial obligation that was
primarily for personal, family or household purposes, namely an alleged obligation to
SEARS FINANCIAL, , said debt was later "charged off" and assigned/sold/consigned to
Defendant for collection.

11.   Defendant began its collection activity upon Plaintiff on or about March of 2011.

12.   Defendant first began its dunning calls in March of 2011 on Plaintiff's personal cell phone
by leaving messages indicating a debt was owed and that Plaintiff must call back. At 1-
800-785-4001, a general contact telephone number used by Defendant.

13.   On or about Tuesday, March 29, 2011 an agent of Defendant telephoned Plaintiff at her
work (Kevin's Jeweler, 500 Inland Center Drive, #150, San Bernadino, CA 92403), and
identified himself as 'Victor.' During this initial conversation, Plaintiff explained to

Defendant's agent 'Victor' that she was not allowed to take personal calls at work, and terminated the call. 'Victor' immediately called back, not once but four additional times, causing Plaintiff to have to terminate the calls. On the final call, 'Victor' said to Plaintiff "you're not going to help me, is Eduardo, your boss, there?" Plaintiff responded and said "no" then 'Victor' demanded that Plaintiff give him the number to Plaintiff's employer's human resources department, threatening to reveal to Plaintiff's employer that Plaintiff owed a debt and was not paying.

14. Plaintiff works in a small retail setting, often times engaged with customers and rarely, if ever left alone on the sales floor and retail front. All calls and communication are very open to the public and other employees within the store.

15. The above-described immediate call back by Defendant's agent to request to speak with Plaintiff's boss only to ask for a corporate phone number which could be found via alternate channels and is unrelated to the legal collection of the alleged debt can only be interpreted as conduct the natural consequence of which is harassment in connection with the collection of a consumer debt and amounts to a violation of 15 U.S.C. § 1692d.

16. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

17. Defendant's above-described dunning calls made to Plaintiff's place of employment, made with knowledge of Plaintiff's being prohibited from taking calls at work amounts to a violation of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c (a)(3); 1692d;.

18. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

-4-
**COMPLAINT**
HAGL V. LEGAL RECOVERY LAW OFFICES, INC

19. Because of Defendant's repeated calls at Plaintiff's place of employment Plaintiff was forced to reveal to her boss her financial struggles and that the person continually calling for her was a debt collector for fear that she would lose her job for the repeated calls (which were believed to be personal when the Defendant asked for Plaintiff by name). Being forced to reveal this information which Plaintiff had wished to keep private caused Plaintiff severe emotional distress manifested in the form of embarrassment, fear, anxiety, and stress.

20. On or about March 30, 2011, Defendant's agent 'Victor' called Plaintiff's place of employment and asked for Plaintiff's boss indicating to Plaintiff's boss that Plaintiff owed a debt, and again demanding to speak with the 'HR' department. Plaintiff's boss refused to disclose any information to 'Victor,' to which Victor responded that he would send an agent down to Plaintiff's place of employment to sue her on the 'sales floor.'

21. Defendant's agent 'Victor' on more than one occasion throughout the period of harassing and degrading dunning and collection calls indicated to Plaintiff that he was an attorney and/or that the communication was from an attorney.

22. The above-described false representation that Defendant's agent was an attorney amounts to a violation of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e (3); 1692(f).

23. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

24. All of the aforementioned acts represent various and multiple violations of the FDCPA, including but not limited to the above-cited provisions, and have caused Plaintiff actual damages.

1                          **CAUSES OF ACTION**

2                               **COUNT 1**

3          **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

4                           **15 U.S.C. §§ 1692 et seq.**

5   25.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

6         fully stated herein.

7   26.   The foregoing acts and omissions constitute numerous and multiple violations of the

8         FDCPA, including but not limited to each and every one of the above-cited provisions of

9         the FDCPA, 15 U.S.C. § 1692 et seq.

10  27.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual

11        damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

12        $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and

13        costs pursuant to 15 U.S.C. § 1692k(a)(3).

14                              **COUNT II**

15    **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

16             **CALIFORNIA CIVIL CODE §§ 1788-1788.32**

17  28.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

18        fully stated herein.

19  29.   The foregoing acts and omissions constitute numerous and multiple violations of the

20        RFDCPA.

21  30.   As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual

22        damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or

23        willful violation in an amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

24        and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

25

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
## REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

31. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

32. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the **loss of jobs**, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

33. Defendant(s) and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt by means of telephone repeatedly at Plaintiff's place of employment up to three times daily and by inquiring into Plaintiff's work schedule and by continually leaving messages with Plaintiff's managers in attempt to shame Plaintiff into paying an alleged debt.

34. Defendant(s) and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

35. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

-7-
**COMPLAINT**
HAGL V. LEGAL RECOVERY LAW OFFICES, INC

36.  The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

37.  As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT IV.

## INTENTIONAL/RECKLESS INFLICTION OF EMOTIONAL DISTRESS

38.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

39.  The foregoing intentional and/or reckless and outrageous conduct  of Defendant, made with knowledge of Plaintiff's particular inability to receive calls at work, and with knowledge of Plaintiff's dire financial situation and need of employment caused the emotional distress of the Plaintiff.

40.  The Conduct of Defendant toward Plaintiff exceeds all bounds of decency usually tolerated by a civilized society.

41.  As a direct and proximate result of the intentional, malicious, harmful, unlawful and offensive acts of Defendants, as aforesaid, Plaintiff sustained severe and serious injury to their persons, including but not limited to severe emotional distress, all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

42.  As a result of Defendant's conduct and resulting infliction of emotional distress, Plaintiff is entitled to actual damages in an amount to be determined at trial from each of every Defendant.

1

2

3                           **PRAYER FOR RELIEF**

4    **WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant, and

5    Plaintiff be awarded damages of *not less than $75,000.00*, exclusive of fees and costs, as

6    follows:

7                                  **COUNT I**

8              **Violations of the Fair Debt Collection Practices Act**

9                          **15 U.S.C. §§ 1692 et seq.**

10   ▪ An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

11   ▪ An award of statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §

12     1692k(a)(2)(A).

13   ▪ An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §

14     1692k(a)(3).

15   ▪ Such other and further relief as may be deemed just and proper.

16                                 **COUNT II**

17          **Violations of the Rosenthal Fair Debt Collection Practices Act**

18                   **California Civil Code §§ 1788-1788.32**

19   ▪ An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a).

20   ▪ An award of statutory damages pursuant up to $1,000.00 pursuant to Cal. Civ. Code §

21     1788.30(b).

22   ▪ An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §

23     1788.30(c).

24   ▪ Such other and further relief as may be deemed just and proper.

25                                 **COUNT III**

                                      -9-
                                  **COMPLAINT**
                    HAGL V. LEGAL RECOVERY LAW OFFICES, INC

1                        **Violations of Plaintiff's Right to Privacy**

2   ■   An award of actual and punitive damages from each and every defendant for the emotional

3       distress suffered as a result of the intentional and/or negligent FDCPA violations, and

4       Rosenthal FDCPA violations and the intentional and/or negligent invasions of privacy in an

5       amount to be determined at trial for each Plaintiff; and

6   ■   For such other and further relief as may be just and proper.

7                                         **COUNT IV**

8          **Defendant's Intentional/Reckless Infliction of Emotional Distress**

9

10  ■   An award of actual and punitive damages for the severe emotional distress

11      intentionally/recklessly caused by Defendant and in an amount to be determined at trial

12  ■   For attorney fees under Welfare & Institutions Code § 15657(a); and

13  ■   Costs of suit and for such other and further relief as the court deems proper.

14                                    **TRIAL BY JURY**

15  ■   Pursuant to the seventh amendment of the Constitution of the United States of America,

16      Plaintiff is entitled to, and demands, a trial by jury.

17

18  Respectfully submitted,

19  Date:  May 10, 2011

20                                               Justin K. Kuney, Esq.
                                                 Attorney Debt Reset, Inc.
21                                               Attorneys for Plaintiff

22

23

24

25

                                          -10-
                                       **COMPLAINT**
                          HAGL V. LEGAL RECOVERY LAW OFFICES, INC

1

## VERIFICATION OF COMPLAINT AND CERTIFICATION

2

STATE OF CALIFORNIA            )
                                              )
3    COUNTY OF SAN BERNADINO      )
                                              )
4

5    Plaintiff, CHERI HAGL, under penalty of perjury declare as follows:

6
     1.  I am the Plaintiff in this civil proceeding.
7
     2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of
8        the facts contained in it are true, to the best of my knowledge, information and belief formed
9        after reasonable inquiry.

10   3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a
         good faith argument for the extension, modification, or reversal of existing law.
11
     4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass
12       any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in
13       the cost of litigation to any Defendant(s), named in the Complaint.

14   5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

15
     /s/ _____                    _____5-5-11_____
16
     CHERI HAGL                                      Date
17

18

19

20

21

22

23

24

25

-11-
**COMPLAINT**
HAGL V. LEGAL RECOVERY LAW OFFICES, INC

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV11- 4097 CBM (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY